**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANA GRISELDA GOMEZ-RAMOS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-73073

Agency No. A206-713-657

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,[***] District
Judge.

Ana Gomez-Ramos petitions for review of the decision of the Board of

Immigration Appeals, dismissing her appeal from an immigration judge's decision

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny the petition for review.

1. On appeal, Gomez-Ramos challenges the BIA's conclusion that she failed to establish a cognizable social group. However, Gomez-Ramos failed to challenge the BIA's alternative conclusions that she did not establish (1) she was previously persecuted or had a well-founded fear of future persecution "on account of her membership in the proposed social group" or (2) "the government of El Salvador is unable or unwilling to control the feared individuals." Thus, she has waived these claims. *See* Fed. R. App. P. 28(a)(8)(A); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (citation omitted)).

Gomez-Ramos's failure to address the BIA's alternative conclusions are fatal to her claims for asylum and withholding of removal (even assuming her proposed social groups were raised to the BIA and cognizable), because she cannot establish eligibility without past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42)(A); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) ("To establish past persecution, [aliens] must demonstrate that: (1) their experiences rise to the level of persecution; (2) the persecution was

2

on account of one or more of the five protected grounds; and (3) the persecution was committed either by the government or by forces that the government was unable or unwilling to control.").

2.      Gomez-Ramos did not meaningfully address her CAT claim in her opening brief. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) ("Within the opening brief, claims must be clearly articulated in (1) 'a statement of the issues presented for review'; (2) 'a summary of the argument'; and (3) 'the argument' section itself." (quoting Fed. R. App. P. 28)).  Even assuming her claim is not waived, substantial evidence supports the BIA's conclusion that there is no evidence that the government would acquiesce in her torture. *See Madrigal v. Holder*, 716 F.3d 499, 510 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**